UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| R.W. LOWDER, in his capacity as Trustee of The STEEL HORSE INTERNATIONAL TRUST, Plaintiff, | : | CA 07 208 ML |
| VS. | : | C.A. No.: 07- |
| DENISE CHAPUT, WILLIAM BURKE, ESQUIRE, ALBERT MAINELLI, Esquire KIRSHENBAUM & KIRSHENBAUM, LTD., and CHARLES HAIGH, in his Capacity as Clerk of the Rhode Island Family Court, Defendants, | : | |

**COMPLAINT**

A. The Parties

1. The plaintiff, R.W. LOWDER, is the Executive Director and Trustee of the STEEL HORSE INTERNATIONAL TRUST (hereinafter referred to as "the Trust"), and is a resident of the State of Tennessee. The situs and principal place of business of the Trust is also within the State of Tennessee.

2. Defendant, DENISE CHAPUT (hereinafter referred to as "defendant, Chaput") is an adult individual and is a resident of the City of Pawtucket, Providence County, Rhode Island.

3. Defendant, WILLIAM BURKE, (hereinafter referred to as "defendant, Burke") is a duly licensed attorney and counselor to the Supreme Court of Rhode Island, maintaining a customary and usual place of business within the State of Rhode Island.

4. Defendant, ALBERT MAINELLI, Esquire, (hereinafter referred to as "defendant, Mainelli"), is a duly licensed attorney and counselor to the Supreme Court of Rhode Island, and maintains a customary and usual place of business within the City of Cranston, State of Rhode Island. At all times relevant hereto, defendant Mainelli, was the servant, agent, employee and/or representative of defendant Kirshenbaum & Kirshenbaum, LTD., a Rhode Island professional corporation, and which is hereinafter referred to as "defendant Kirshenbaum," and defendant, Mainellli, was at all times acting within the scope of his agency and/or activity for defendant, Kirshenbaum.

5. Defendant, CHARLES HAIGH, is the duly appointed clerk of the Rhode Island Family Court, seated in Providence, Rhode Island, and, is named in that capacity. In that capacity, defendant, Haigh, directs and oversees the scheduling of case and entering of orders on behalf of that court.

B. Jurisdiction

6. Jurisdiction in this court is proper pursuant to 28 U.S.C. § 1332 (a)(i), in that the plaintiff and defendants are citizens of different states and the amount in controversy herein exceeds Seventy-Five Thousand Dollars ($75,000.00).

C. Venue

7. Venue is proper pursuant to 28 U.S.C. § 1391 (a).

D. Statement of the Facts

8. Defendant, DENISE CHAPUT, at all times relevant hereto was a joint owner, along with her husband, Daniel Chaput, of a certain parcel of real estate located within the City of Pawtucket, Providence County, Rhode Island. A description of that property (hereinafter referred to as "the subject premises") is appended hereto and marked as Exhibit "A."

9. In or about September, 2005, defendant Chaput, instituted divorce proceedings in the Rhode Island Family Court, against her husband, Daniel Chaput, to wit, *Chaput v. Chaput*, F.C. No.: P05-2410.

10. That proceeding was commenced and the course of that litigation was directed by defendant, Mainelli, and through him, defendant, Kirshenbaum, on behalf of defendant, Chaput.

11. That during the course of that divorce proceeding, the parties thereto agreed to sell the subject premises to a third party, and the court granted permission and authority to Daniel Chaput to secure a purchaser for the same

12. That during the month November, 2006, Daniel Chaput, husband of the defendant, Denise Chaput, approached the plaintiff, Trust, with an inquiry as to the possibility of purchasing the subject premises.

13. That, upon information and belief, the availability of the plaintiff, as a prospective purchaser, was made known to all parties hereto.

14. That, as of the date of the filing of this action, no Final Judgment of Divorce has entered in the *Chaput* domestic matter, and defendant Denise Chaput, at all times relevant hereto, has remained married to her spouse.

15. That, in reliance upon the representation that the property was available for purchase, the plaintiff entered into a certain Purchase & Sales Agreement, with Daniel Chaput and Denise Chaput, to effect the purchase of the subject premises, for the sum of $225,000.00 USD. A copy of the same is appended hereto and marked as Exhibit "B."

16. That both parties to the divorce entered into that agreement, Daniel Chaput executing his signature and that of defendant, Denise Chaput, by Daniel Chaput, as her attorney and/or agent pursuant to R.I. Gen. Laws, § 15-4-11, as amended.

17. That, the plaintiff, at all times relevant hereto, has stood, ready, and willing to perform and purchase the subject premises, and has detrimentally relied on the promise of defendant, Denise Chaput, through her agent and attorney in fact, Daniel Chaput, that she would execute a transfer of the premises to the plaintiff, in timely fashion.

18. The plaintiff, has performed all obligations called for the Trust to be performed under the parties' agreement.

19. That, despite repeated demand, defendant, Denise Chaput, has refused and continues to refuse to convey her interest in the subject premises to the plaintiff.

20. That, as the subject premises are and remain unique, your plaintiff's remedy at law alone, is inadequate.

21. That after the execution of the parties' agreement, defendant Chaput, employed the services of defendants, Mainelli & Kirshenbaum, to void, vitiate and subvert the parties agreement.

22. That, as a consequence, defendants, Chaput, Mainelli and Kirshenbaum, have engaged and continue to engage in a deliberate, willful and malicious course of conduct, the purpose of which is to prevent the transfer to your plaintiff of the subject premises and to secure further advantage to the defendant, Chaput, to the detriment and loss of your plaintiff.

23. That, without limitations, the acts of defendants, Chaput, Mainelli & Kirshenbaum, have included but are not limited to the following:

a. Seeking, without notice or opportunity for your plaintiff purchaser, to adjudicate the plaintiff's rights to the subject premises, in the Rhode Island Family Court;

b. Seeking, again, without notice or opportunity for hearing, to enter orders relative to your plaintiff's contractual rights, in a forum not chosen by plaintiff and in contravention of the parties' agreement;

c. Requiring, the defendant, Hugh, in his capacity as Clerk of the Family Court, to enter orders and schedule proceedings relative to the subject premises, in violation of the plaintiff's contractual rights to the subject premises without notice thereof being served upon the plaintiff;

d. Causing the appointment of defendant, Burke, as Commissioner, even after the execution of the parties' agreement, to effect another sale of the subject premises, again, without notice or opportunity for the plaintiff to be heard.

24. That, thereafter, defendant, Burke, knowing of the validity of the parties' agreement, and with full knowledge of the plaintiff's intent to enforce its rights thereunder, has endeavored to secure an additional purchaser and has caused the property to be marketed, to prospective purchasers, all to the detriment of your plaintiff.

25. That Burke, has ignored the validity of the parties' agreement, and upon information and belief, continues to induce and attract additional prospective purchasers for the subject premises.

26. That Burke's actions, as aforesaid, have been performed with the approval, advice and consent of the defendants, Chaput, Mainelli, and Kirshenbaum.

27. The acts of defendants, Chaput, Mainelli, Kirshenbaum and Burke, are directed toward denying any and all value to this defendant and have resulted and continue to result in a diminution in value of the subject premises.

28. That, upon information and belief, the defendant, Haigh, has scheduled further proceedings in the Rhode Island Family Court, for Friday, June 8, 2007, at which further action relative to the subject premises is anticipated, and to which this plaintiff is not a party.

29. Upon further information and belief, the defendants, Chaput, Mainelli & Kirshenbaum are seeking a contempt order against Daniel Chaput, who presently resides in and maintains the subject premises, which may result in his possible incarceration, causing the subject premises to remain unoccupied, unattended and further to suffer a future loss in value all to the prejudice of the plaintiff.

30. That as a direct and foreseeable result of the acts of defendants Chaput, Mainelli, Kirshenbaum and Burke, in failing to timely consummate the agreed upon sale, the City of Pawtucket, Tax Assessor, has scheduled a tax sale upon subject premises, tentatively so scheduled for June 7, 2007.

**COUNT I**

Injunctive Relief

31. The plaintiff incorporates by reference the allegations contained in paragraphs 1 through 30 hereof, as though herein set forth fully and at length.

32. That if further proceedings in the Rhode Island Family Court are conducted, the plaintiff will further be caused to suffer immediate and irreparable harm for which there is adequate remedy at law.

33. That the Rhode Island Family Court, without valid issuance of an Order, has sought and continues to seek to adjudicate the proprietary and singular interests of this plaintiff in and to the subject premises.

34. That further, absent the grant of injunctive relief, the plaintiff will be denied the benefit of a lawfully assigned upon bargain and further he caused to suffer the loss of the subject property to tax sale.

WHEREFORE, the plaintiff, Robert Lowder, in his capacity as Trustee of the STEEL HORSE INTERNATIONAL TRUST prays that this Honorable Court, temporarily until further hearing, and, thereafter, preliminarily and permanently restrain and enjoin the defendant, Charles Haigh, in his capacity as Clerk of the Rhode Island Family Court from future scheduling or permitting the conduct of future proceedings in the matter of P05-2410, until further order of this court.

**COUNT II**

Loss of Prospective Contractual Advantage

35. The plaintiff incorporates by reference the allegations contained in paragraphs 1 through 34 hereof, as though herein set forth fully and at length.

36. That as a direct and foreseeable result of the acts of defendants, Chaput, Kirshenbaum, Mainelli and Burke, the plaintiff has suffered a loss of prospective contractual advantage, including but not limited to its ability to improve, market and transfer the subject premises and also to suffer a loss in value thereof.

WHEREFORE, the plaintiff prays judgment, jointly and severally, against defendants Denise Chaput, Albert Mainelli, Kirshenbaum & Kirshenbaum, Lt., and William Burke, in an amount not less than One Hundred Thousand Dollars ($100,000.00), together with interest and costs of this action.

## COUNT III

Slander of Title

37. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 36 hereof, as though herein set forth fully and at length.

38. That through the deliberate and ongoing acts of defendants, Chaput, Mainelli, Kirshenbaum and Burke, as aforesaid, the claims and interest of the plaintiff in and to the subject premises has here slandered and rendered of diminished effect.

39. That as a direct and foreseeable result of such acts, the plaintiff has been caused to suffer financial damage and loss.

40. That, all such acts were motivated by malice toward your plaintiff or other third parties and conducted in direct contravention of the contractual, legal and equitable interests, of the plaintiff in and to the subject premises of which all such defendants were aware.

WHEREFORE, the plaintiff, prays judgment against defendants, Denise Chaput, Albert Mainelli, Kirshenbaum & Kirsehnbaum, Ltd. and William Burke, jointly and severally, in the principal amount of $100,000.00 together with punitive damages in the amount of $300,000.00 together with interest and costs.

## COUNT IV

Specific Performance

41. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 40 hereof, as though herein set forth fully and at length.

42. That plaintiff is entitled to require defendant, Chaput, to execute any and all requisite forms and documentation necessary to effect a transfer of the subject premises to the plaintiff.

43. That neither defendant, Chaput, nor any other defendant herein maintains a just, meritorious, legal or equitable claim or interest, in and to the subject premises, and plaintiff is entitled to rely on defendant's promise to convey or transfer the subject premises.

WHEREFORE, the plaintiff prays this Honorable Court, order and direct the defendant, Denise Chaput, to further comply with the terms of the parties' agreement, and to take all actions necessary to effect a transfer of subject premises, in accordance with the terms of parties' agreement, together with interest and costs.

**COUNT V**

Fraud

44. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 43 hereof, as though herein set forth fully and at length.

45. The acts of defendants, Denise Chaput, Albert Mainelli, Kirshenbaum & Kirsehnbaum, Ltd. and William Burke, were also directed to defraud the plaintiff of its right and claim in and to the subject premises.

46. That, to effect the same, the defendants, as aforesaid, have deliberately, willfully, maliciously and with intent, conspired to defraud the plaintiff of its rights in and to the subject premises.

WHEREFORE, the plaintiff, prays judgment against defendants, Denise Chaput, Albert Mainelli, Kirshenbaum & Kirshenbaum, Ltd. and William Burke, jointly and severally, in the principal amount of $100,000.00 together with punitive damages in the amount of $300,000.00, together with interest and costs.

Plaintiff,
ROBERT LOWDER, in his capacity
As Trustee of The Steel Horse
International Trust

Damon M. D'Ambrosio
R.I. Reg. No.: 3581
7 Waterman Avenue
North Providence, RI 02911
Tel.: 401-232-4000 Ext. 24
Fax: 401-232-2555
Email: damonmdlaw@aol.com

Louder-Chaput Complaint.doc