# EXHIBIT B

# STEEL HORSE INTERNATIONAL TRUST™®

IRON HORSE MAIN STREET GALLERY
POST OFFICE BOX 7, LYNNVILLE, TENNESSEE 38472
TELEPHONE (931) 527 3409

## LETTER OF INTENT & OFFER TO PURCHASE

**Date:** 23 November 2006

**Attention:** Mr. and Mrs. Daniel Chaput

110 Woodside Ave, Pawtucket, Rhode Island

**Re:** Purchase of Property at 110 Woodside Ave, Pawtucket Rhode Island as is.

Dear Mr. Daniel and Denise Chaput,

**THIS LETTER OF INTENT** and/or **PURCHASE CONTRACT** is to express the intention of the purchaser, **STEEL HORSE INTERNATIONAL TRUST™®**, Post Office Box 7, Iron Horse Main Street Gallery Lynnville, Tennessee 38472 Attention: Mr. R. W. "Bobby Hatfield" Lowder, acting in the capacity of the Executive Director and/or Trustee, with full authority of the aforementioned, hereinafter (the " **Buyer**"), and/or assigns, to purchase from **Mr. Daniel Chaput and Mrs. Denise Chaput,** hereinafter (the "**Seller**") The Real Estate at 110 Woodside Ave, Pawtucket, Rhode Island 02861 being a single family residence, hereinafter referred to as the "**Property**" , including but not limited to all pertinent structures and improvements in an **AS IS CONDITION** as indicated herein below.

### RECITALS

**WHEREAS,** Seller desires to sell, transfer, set over to or otherwise assign the Property, including but not limited to the assets and/or real estate property as described herein below and to consummate the sale of said Property for the Cash sum as indicated herein, it is the desire of the seller hereto to expedite said transaction, and

**WHEREAS,** Buyer desires to purchase the Property as described herein and to consummate the sale of said Property for the Cash sum as indicated herein, it is the desire of the Buyer hereto to expedite said transaction, and

**WHEREAS,** Seller understands that time is of the essence for both Buyer and Seller and therefore desires to complete the entire transaction as soon as possible but no longer than 91 days, with extension by agreement of Buyer and Seller, if necessary;

**NOW THEREFORE**, Seller and Buyer do hereby acknowledge the exchange of good and valuable consideration and mutually agree to the following terms and conditions.

**1.0 Offer to Purchase:**

1.1 Buyer hereby offers to purchase from Seller the Property known as 110 Woodside Ave Pawtucket, Rhode Island including but not limited to all of the assets and improvements associated with the Property as detailed herein in an AS IS condition with noted deficiencies.

1.2 The assets include all of that lot, tract, or parcel of land in the city of Pawtucket, on 110 Woodside Ave, County of Providence, State of Rhode Island further identified as recorded at Book: 0710 Page: 1065 and further referenced as Assesors Parcel # Plat: 17 Lot: 102 being a wood frame single family dwelling with a single car detached garage. Dwelling consisting of 2167 sq ft more or less situate on a lot of land of 5435 sq ft more or less, herein defined as the "**Property**".

1.3 The exact legal description to be attached hereto and duly marked as "**Exhibit A**" and, by this reference herein, it shall be made a part of this letter.

**2.0 Purchase Price:**

2.1 The parties agree the price, (the "**Purchase Price**") payable by the Buyer to the Seller under this offer shall be:

**TWO HUNDRED TWENTY FIVE THOUSAND DOLLARS, ($225,000.00 USD)**

or appraised value which ever is less, to be paid at the Closing Date, (as indicated herein).

2.2 The Title will transfer free and clear at closing.

**3.0 Title/Deed to be deposited into Escrow Account:**

3.1 Seller shall cause the Title/Deed to the Property and all documentation necessary for the transfer to the Buyer to be placed, un-executed and therefore remaining in the name of Seller, into an escrow company to be mutually agreeable to the parties hereto, and it shall be binding upon both parties, whereupon said Title/Deed and all of the necessary transfer documents for the completion shall remain in said escrow for;

a) A period of no more than 91 days from the opening of said escrow

or

b) Until the entire sum of $225,000 USD is placed into Escrow by Buyer,

and

3.2 The escrow company will notify both the Seller and Buyer, whereupon the Seller will execute the documentation to complete the transfer to the Buyer including but not limited to any other necessary documentation required that the Title and/or Escrow Company requires to complete the sale and transfer of the property.

**4.0 Quick and Speedy Close of Escrow intended by Buyer:**

a) Seller understands that Buyer will quickly place the entire purchase price as indicated herein above into escrow.

b) Buyer understands that time is of the essence and that Seller has personal issues, which necessitate completion of this intended purchase as soon as possible.

c) The parties hereto do hereby acknowledge that certain circumstances may prevail that are beyond the control of either one of the parties hereto and should one or more of these conditions that may arise, an extension shall be granted without delay to either party hereto as it is deemed to be mutually beneficial to the parties hereto.

**5.0 Payment of Purchase Price:**

5.1 The construction of the Purchase shall be as indicated herein:

a) Buyer by delivering to Escrow Company the sum of $225,000 USD constituting the entire agreed upon sum that causes the transfer of Title/Deed free and clear at closing by Seller to Buyer, and

b) Buyer agrees to pay for any inspections or surveys that Buyer may require, and

c) The Seller shall be responsible for all closing cost associated with the closing of the property, and

d) By Escrow and Title Company deducting from said amounts the usual adjustments applied to any sale of property customarily to such transactions, including taxes and other such items, applied by the Escrow and/or Title Company.

5.2 Seller understands that Buyer intends to place the Two hundred Twenty Five Thousand Dollars, ($225,000.00USD) as soon as possible into Escrow and shall not have a penalty for any extensions.

5.3 Seller understands and Buyer hereby agrees, that if Buyer fails to complete this transaction by the end of 90 days from the opening of Escrow, then any funds on Deposit in Escrow, together with interest thereon may be retained by the Seller as liquidated damages and shall be obtained by the Seller as a right under the Escrow Agreement, subject to deduction for any costs of Escrow and/or Title Company.

**6.0 Taxes:**

6.1 Any sales tax, use tax, excise tax, transfer tax, recordation tax, or other tax imposed upon the transfer of the Assets from the Seller to the Buyer shall be the responsibility of the Seller.

**7.0 Closing Date:**

7.1 Time shall be of the essence of this Offer. The closing of this transaction shall take place no later than the close of business on the 91st day from the opening of the Escrow Account by the Seller and the placement by the Seller of the existing Title/Deed and transfer documentation into said Escrow Account, as a good marketable deed with no liens or encumbrances or earlier if at all possible if mutually agreeable by the Seller. If it is so desired, a later date could be utilized if mutually acceptable to the parties hereto (the " **Closing Date**" or "**Closing**") at the office of the Escrow and/or Title Company or at such other place as may be mutually approved in writing by the parties hereto or their respective representatives. Seller agrees to a thirty (30) day extension at the request of the Buyer.

**8.0 Representations and Warranties:**

8.1 The Seller represents and warrants to the Buyer as follows:

a) The Seller now has and/or at Closing will have, a good and a marketable title to the Property that is free and clear of any and all claims, liens, encumbrances and security interests whatsoever.

b) The Seller has full and valid authority to cause the transfer of ownership in the aforementioned Property and will at closing effect such transfer, holding harmless the Buyer of any liabilities of the Property that may have occurred prior to the transfer of the Property from the Seller to the Buyer.

c) The aforementioned property is not now and shall not be at Closing in anyway whatsoever in arrears or in default in respect of the filing of any required state, local or foreign or other return, and at each of such times (i) all taxes, filing fees and other assessments due and payable or collectible pertaining to the Real Estate or other such Property shall have been paid or collected, (ii) no claim for additional taxes, filing fees or other amounts and assessments has been made which has not been paid, and (iii) to the best of the Seller's knowledge, no such return shall have contained any misstatement or concealed any statement that should have been included therein.

d) The representations and warranties contained herein shall survive the Closing and shall continue in full force and effect for the benefit of the parties hereto for a period of three years following the Closing Date after which time the Seller shall be released from all obligations and liabilities hereunder in respect of such representations and warranties except with respect to any claims made by the Buyer in writing prior to the expiration of such period.

**9.0 Conditions for the Buyer's Benefit:**

9.1 This Offer is conditional until the close of escrow upon the following conditions:

9.2 The Buyer arranging satisfactory funding to enable it to complete the transaction;

a) The Buyer reviewing the Title to the property and any "Schedule B" type Exceptions and determining that the title to said Real Estate or Property is on terms and conditions satisfactory to the Buyer.

b) The Seller has full and valid authority to cause the transfer of ownership in the aforementioned Property and will at closing effect such transfer, holding harmless the Buyer of any liabilities of the Property that may have occurred prior to the transfer of the Property from the Seller to the Buyer

c) The above conditions have been inserted for the sole benefit of the Buyer and may be waived by the Buyer in whole or in part, without prejudice to its rights of termination in the event of non-fulfillment of any other condition in whole or in part. If any of the foregoing conditions shall not have been fulfilled or waived by the Buyer on or before the Closing Date, the Buyer may terminate this Offer by notice in writing to the Seller in which event the Escrow shall be terminated and the Title/Deed to said Real Estate or Property shall be returned to Seller together with any funds placed by Buyer in escrow which said funds shall be retained as liquidated damages by Seller all as is set forth more completely herein above, at which point both the Buyer and the Seller shall be released from all obligations under this Offer.

**10.0 Closing Deliveries:**

10.1 At Closing, the parties shall deliver the following, in addition to any other documents, agreements or deliverables required or provided by this Offer:

a) The Seller shall sign any and all necessary documentation required by Escrow Company to cause the Title/Deed to said Real Estate or Property to be delivered to the Buyer in the name of Buyer and/or its nominee or assigns, and

b) sign a Certificate certifying that all representations and warranties contained in this Offer are true and correct in all material respects as of the Closing Date, and

c) sign any and all other instruments, assurances, permits and documents as the Buyer or Buyer's representatives consider reasonably necessary or desirable to validly and effectively complete this transaction, and

d) sign any and all documentation needed to effect the transfer of the Property to the buyer.

e) the Buyer shall deliver to Escrow the balance of the Purchase Price to be payable to Seller upon Closing.

**11.0 General:**

11.1 The following general information is in relation to the performance:

a) Schedules, Exhibits and other documents attached or referred to in this Offer are an integral part of this Offer.

b) The division of this Offer into paragraphs and sub paragraphs and the insertion of headings are for convenience of reference only and shall not affect the construction or interpretation hereof.

c) This Offer constitutes the entire agreement among the parties and except as herein stated and in the instruments and documents to be executed and delivered pursuant hereto, contains all of the representations and warranties of the respective parties. There are no oral representations or warranties of any kind.

d) This Offer may not be amended or modified in any respect except by written instrument signed by both parties.

e) This Offer shall be governed by and construed in accordance with the laws of the State of the United States and the State of Tennessee.

f) Any notice required or permitted to be given hereunder shall be in writing and shall be effectively given if (i) delivered personally, (ii) sent by prepaid courier service or mail, or (iii) sent prepaid mail or by facsimile, telex or other similar means of electronic communication (confirmed on the same or following day by prepaid mail) addressed to the recipient at the address of the recipient noted above. Any notice so given shall be deemed conclusively to have been received when so personally delivered or sent by telex, facsimile or other electronic communication or on the second day following the sending thereof by private courier or mail. Any party hereto or others mentioned above may change any particulars of its address for notice by notice to the others in the manner aforesaid. (iv) communication by digital or electronic means including electronic signatures are deemed valid and binding.

g) This Offer shall endure to the benefit of and be binding upon the parties hereto and their respective successors and assigns.

h) The headings, bold print, gender references, the singular as well as the plural are placed here for the ease and convenience of the parties hereto.

**12.0 Irrevocable Period:**

This Offer shall be irrevocable by the Buyer until 5:00 P.M. on December 10, 2006 , after which time, if not accepted, this Offer shall be null and void.

**13.0 Execution of Document:**

This Offer is made and executed by the Buyer this 23 day of November

**SIGNED BY BUYER:** R.W. Lowder

**For: STEEL HORSE INTERNATIONAL TRUST ™®**

**By: R. W. "Bobby Hatfield" Lowder**

**Executive Director and Trustee**

**14.0 Acceptance of Purchase Contract by Seller:**

I, the Seller, Daniel Chaput and Denise Chaput hereby accept the above Letter of Intent and Offer to Purchase and do hereby agree to be contractually bound to the same as so signified by the setting forth of our respective signatures herein below. Seller, hereby setting forth our signatures herein below hereby agree to be contractually bound.

**SIGNED BY SELLER(S):**

By: Daniel Chaput DATED: 1 December 2006

Signature of Daniel Chaput

BY Daniel Chaput FOR

By: Denise Chaput HIS WIFE DATED: 8 December 2006

WITH STATUTORY AUTHORITY PER RIGL 15-4-11

Signature of Denise Chaput

Additional documents will be duly executed and attached hereto and become a part hereof.

**Certificate of Acknowledgment of Notary Public**

State of ________________

Notarial certification attached

State of _______________

County of __________________

On _____________, 2006 before me, ______________________

a notary public in and for said this State did personally appeared the individual(s) as indicated herein above who is personally known to me (or proved on the basis of satisfactory evidence) to be the person whose name is subscribed to the within instrument, and acknowledged to me that he or executed the same in his authorized capacity and that by his signature on the instrument, the person, or the entity upon behalf of which the person acted, executed the instrument.

Witness my hand and official seal

______________________________

Notary Public for the State of ________________

My commission expires ____________________

Notary Seal

**Additional documents will be duly executed and attached hereto and become a part hereof.**

**EXHIBIT A**

**Property Description**

EXHIBIT B

**Noted Deficiencies 110 Woodside Ave**

- Roof in need of replacement to be stripped and replaced
- Siding on dormer removed and roof flashed properly
- Existing shingles are faulty and numerous roof leaks are causing interior damage
- Windows 15 to be replaced first and second floor.
- Windows are 1945 and in poor condition
- Cellar windows (3) to be replaced due to squirrel damage
- Rear Door 6 ft wide by 80 in needs to be replaced, rotted sills and jamb with rot extending into interior floor area
- Water damage to plaster, repair and refinish walls/ceilings in the following areas:
- Hall and closet area surrounding chimney chase
- Roof windows (2) in Master Bedroom
- Ceiling and wall in Living Room due to leakage from dormer
- Wall in Living room from window leakage
- Ceiling in Cellar stairwell
- Termite damage
- Remove as necessary finished ceiling and wall areas in basement
- Repair damage to Front sill and all affected Floor Joists
- Repair / restore finished basement ceiling and walls
- Basement Mold & Mildew from basement flooding due to sewer overflow into basement during heavy rains and unsealed water entraining concrete
- Boiler repair or replace, faulty controls and Burner. Boiler is approx 35 yrs old and not currently functioning properly. May be more cost effective to replace complete boiler
- Hardwood floors in five rooms in need of repair and refinishing
- Kitchen floor in need of replacement, tears on edges, cuts and discoloration Approx 25 years old
- Bathroom Sink and Vanity in poor condition, to be replaced
- Dishwasher in need of repair, to be replaced
- Rug in family room needs replacement, discolored / faded due to pet damage, sun fading and burn areas near wood stove.
- General clean, paint and redecorating.