UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

CA 07 208 ML

R.W. LOWDER, in his capacity as Trustee of The STEEL HORSE INTERNATIONAL TRUST,
Plaintiff,

VS. C.A. No.: 07-

DENISE CHAPUT, WILLIAM BURKE, ESQUIRE, ALBERT MAINELLI, Esquire KIRSHENBAUM & KIRSHENBAUM, LTD., and CHARLES HAIGH,, in his Capacity as Clerk of the Rhode Island Family Court,

Defendants,

**PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER, PRELIMINARY AND PERMANENT INJUNCTION**

NOW COMES the plaintiff, STEEL HORSE INTERNATIONAL TRUST, and pursuant to Rule 65 of the Federal Rules of Civil Procedure, and moves this Honorable Court for a Temporary Restraining Order, and thereafter, a Preliminary and Permanent Injunction, as against the defendant, Charles Haigh, in his capacity as Clerk of the Rhode Island Family Court as prayed in Count I of the Plaintiff's Complaint.

Plaintiff prays that if further proceedings in the Rhode Island Family Court are conducted, the plaintiff will further be caused to suffer immediate and irreparable harm for which there is no adequate remedy at law.

WH.EREFORE, the plaintiff, Robert Louder, in his capacity as Trustee of the STEEL HORSE INTERNATIONAL TRUST, for those reasons set forth in Count I of the plaintiff's Complain, and as affirmed by the Affidavit of Louder, and further as adopted in the plaintiff's memorandum of Law, prays that this Honorable Court, temporarily until further hearing, and, thereafter, preliminarily and permanently

restrain and enjoin the defendant, Haigh, in his capacity as Clerk of the Rhode Island Family Court from future scheduling or permitting the conduct of future proceedings in the matter of P05-2410, until further order of this court.

Plaintiff,
R.W. LOWDER, in his capacity
As Trustee of The Steel Horse
International Trust

Damon M. D'Ambrosio
R.I. Reg. No.: 3581
7 Waterman Avenue
North Providence, RI 02911
Tel.: 401-232-4000 Ext. 24
Fax: 401-232-2555
Email: damonmdlaw@aol.com

Louder-Chaput Rule65

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

CA 07 208 ML

| | | |
|---|---|---|
| R.W. LOWDER in his capacity as Trustee of The STEEL HORSE INTERNATIONAL TRUST, Plaintiff, | : | |
| VS. | : | C.A. No.: 07- |
| DENISE CHAPUT, WILLIAM BURKE, ESQUIRE, ALBERT MAINELLI, Esquire KIRSHENBAUM & KIRSHENBAUM, LTD., and CHARLES HAIGH., in his Capacity as Clerk of the Rhode Island Family Court, Defendants, | : | |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR A TEMPORARY RESTRAINING ORDER, PRELIMINARY AND PERMANENT INJUNCTION**

1. ***Summary Statement of the Facts:***

On November 23, 2006, the plaintiff entered into a certain agreement to purchase real estate with the defendant, Denise Chaput, and her husband Daniel Chaput. A copy of that Agreement is appended to plaintiff's Complaint and is therein marked as Exhibit "B." That property, apparently, constituted a marital asset of the Chaput's, and was being sold to liquidate or raise an optimal amount of purchase money from the same, for ultimate division between the parties. Further, the sale was both contemplated not only by the parties, but at the direction of the Rhode Island Family Court.

Thereafter, however, without any notice or opportunity for hearing ever being provided to the plaintiff, the Rhode Island Family Court, refused not only to honor that

Purchase and Sale Agreement, but appointed, defendant, William Burke, to act as Commissioner, to further market and effect another sale of the subject premises.

The plaintiff has a proprietary interest in the subject premises, in which Daniel Chaput currently resides and, notwithstanding the same, the Rhode Island Family Court, continues to conduct proceedings in the Chaputs' divorce proceedings, and to further seek to ignore the contractual and property interests of the plaintiff and to seek another purchaser therefore.

Presently, further proceedings in that case, are scheduled for Friday, June 8, 2007, at which time the plaintiff fears that its interests will be permanently impaired. Further, as a result of the court's preemptive subversion of the plaintiff's contractual rights, the property is also scheduled for a tax sale, to be conducted at the behest of the City of Pawtucket. That sale, likewise, is scheduled for June 7, 2007.

2. **Statement of the Issue:**

Is the plaintiff entitled to a Temporary Restraining Order, and thereafter, a preliminary and permanent injunction, restraining and enjoining furthers proceedings in the matter of *Chaput v. Chaput*, until such time that the November 23, 2006, agreement is recognized and the parties have all complied with its terms?

3. **Legal Argument:**

Axiomatically, the subject of the parties' agreement is that parcel of real estate, within the City of Pawtucket, Rhode Island, which is described in Exhibit "A" as appended to the plaintiff's Complaint. That parcel, as all parcels of real estate is unique,

such that the continued failure to recognize the right of your plaintiff to purchase the same will cause the plaintiff immediate and irreparable harm, for which no remedy at law can compensate.

The plaintiff complains that the entirety of the divorce proceedings conducted in the state forum, have been conducted and have adjudicated property interests of the plaintiff, without the provision of either notice or opportunity for a hearing. That conduct and the feared continued conduct, by a state actor, of such proceedings stands in contravention to the due process requirements of the Fifth and Fourteenth Amendments to the United States Constitution.

The plaintiff is mindful that the sought relief is against a state actor, in this case a legislatively created state court and that principles of comity and absention must be considered. However, in this case, the concerns expressed by the United States Supreme Court in *Younger v. Harris,* (citation omitted) and its progeny are of no moment in that an innocent third party whose property rights are being denied in state forum are the appropriate subject of equitable relief.

Notice and opportunity for a hearing are the hallmarks of due process. This Circuit has had no difficulty in adjudicating that the denial of the same, to a party with a proprietary or liberty interest, whose rights to the same, are being denied in a state (or even a federal) forum, are entitled to stay those proceedings. Such is the situation in which the plaintiff presently finds itself, with no adequate remedy at law.

When governmental action is implicated the Supreme Court has determined that "fair notice and an opportunity for a hearing" are fundamental prerequisites required by the mandates of due process. *See, Roadway Express, Inc. v. Piper,* 447 U.S. 752, 767 (1980).

The plaintiff distinguishes the request herein for injunctive relief as against a state actor, from the abstention doctrine promulgated by the United States Supreme Court in *Younger v. Harris*, 401 U.S. 37 (1971). While Younger took place within a criminal context, that abstention doctrine has been extended, as well, to quasi-criminal and even some state civil (read, administrative) proceedings. *Maymo-Meledez v. Alvarez-Ramirez,* 364 F.3d 27, 31-32 (1st Cir. 2004). The First Circuit has recognized that the Supreme Court has made it clear that it has not suggested that every pending state proceeding between a state and a private plaintiff justifies abstention if a private plaintiff sues in federal court. *Rio Grade Community Health Center, Inc. v. Rullan*, 397 F.3d 56, 70 (1st Cir. 2005). While the federal judiciary must maintain concerns regarding so-called "interference" in state proceedings, *see, e.g. Gilbertson v. Albright*, 381 F.3d 965, 977-978 (9th Cir. 2004), those cases usually involve litigants whose identities are the same in both forums, while in this case a state court is adjudicating the rights of a non-party to a state court procee*ding.*

In *Colorado River Water Conservation District vs. United States*, 424 U.S. 800, 818 (1976), one of the determinative factors in deciding whether federal litigation is appropriate is whether the state court is protecting the parties' interests. In this matter, the state court is the actor, denying and infringing on the interests of the plaintiff. While a federal court must presume that state courts, consistent with the principles of the

Supremacy Clause, are fully competent even to adjudicate federal claims, *Middlesex County Ethics Commission vs. Garden State Bar Association,* 457 U.S. 423, 431 (1982), that patently is not the case herein. Federal injunctive relief I warranted, under Younger, where the plaintiff will suffer not only irreparable injury but also a great and immediate possibility of irremediable injury. *Younger,* at 46. *Casa Marie v. Superior Court of Puerto Rico*, 988 F.2d 252 (1st Cir. 1993).

The plaintiff would posit that is precisely the precarious state in which the plaintiff's interest in and to the subject premises presently stands, such that no later determination by any court, will be able to validate.

**4. Conclusion:**

WHEREFORE, your plaintiff, R.W. Lowder, in his capacity as Executive Director and Trustee of the Steel Horse International Trust, respectfully prayed in the plaintiff's Motion be granted and by its terms.

Plaintiff,
R.W. LOWDER, in his capacity
as Executive Director and Trustee of
The Steel Horse International Trust,
By his Attorney,

_______________________

Damon M. D'Ambrosio
R.I. Reg. No.: 3581
7 Waterman Avenue
North Providence, RI 02911
Tel.: 401-232-4000 Ext. 24
Fax: 401-232-2555
Email: damonmdlaw@aol.com

Louder-Chaput memo