*UNITED STATES DISTRICT COURT*
*FOR THE DISTRICT OF RHODE ISLAND*

| | |
|---|---|
| R.W. LOWDER, in his capacity as Trustee of the STEEL HORSE INTERNATIONAL TRUST<br>Petitioner<br>VS.<br><br>DENISE CHAPUT, WILLIAM BURKE, ESQ. ALBERT MAINELLI, ESQ., KIRSHENBAUM AND KIRSHENBAUM ATTORNEYS AT LAW, LTD., and CHARLES HAIGH, in his Capacity as Clerk of the Rhode Island Family Court<br>Respondents | C.A. NO.: 07-208 S |

DEFENDANTS, ALBERT MAINELLI AND
KIRSHENBAUM & KIRSHENBAUM ATTORNEYS AT LAW, INC.'S,
MEMORANDUM OF LAW IN SUPPRT OF THEIR MOTION TO DISMISS

Now come the Defendants Albert Mainelli and Kirshenbaum & Kirshenbaum, Attorneys at Law, Inc., and provide the within Memorandum of Law in support of their Motion to Dismiss Plaintiff's Complaint.

Statement of Facts

On or about June 6, 2007, Petitioner R.W. Lowder, in his capacity as Trustee of the Steel Horse International Trust ["hereafter referred to as "Lowder"], instituted the within lawsuit. Lowder alleges he as a valid purchase and sales agreement whereby he was to purchase property owned by Denise and Daniel Chaput.[1] In September of 2005, Denise Chaput, by and through her counsel, Respondents Mainelli and Kirshenbaum & Kirshenbaum, instituted a divorce action against Daniel Chaput.[2] During the divorce proceedings it became necessary to attempt a sale of the home. On January 13, 2006, the divorce matter was heard, and the Family Court ordered that the subject property was to be placed on the market for sale. Despite the Family Court's decision, the property went unsold and consequently, December 5, 2006, the

[1] The Chaputs own as tenants by the entirety real estate located at 110 Woodside Avenue, Pawtucket, Rhode Island.
[2] Which continues to be pending in Providence Family Court; FC No.P05-2410

Family Court appointed a Commissioner to sell the subject property. Mr. Chaput was further ordered to cooperate with the Commissioner in his efforts to sell the subject property.

Lowder alleges that in December of 2006 he entered into a purchase and sale agreement with both Daniel and Denise Chaput to purchase the subject property for $225,000.00.[3] Most importantly Denise Chaput never signed the agreement. Rather the agreement was signed only by Daniel Chaput. In the space designated for Denise Chaput's signature, Daniel Chaput wrote "By Daniel Chaput For Denise Chaput His Wife With Statutory Authority Per RIGL 15-4-11". At no time, however, did Denise Chaput give Daniel Chaput the authority to act on her behalf, and she specifically never provided him with the authority to sign away her interest in the subject property.

Nevertheless, Lowder asserts he has a binding contract to purchase the subject property and asserts that Denise Chaput has wrongfully refused to convey said property to him. In regards to Respondents Mainelli and Kirshenbaum & Kirshenbaum, Lowder alleges Respondents have engaged in deliberate, willful and malicious conduct with the purpose of preventing Petitioner from obtaining the subject parcel. Specifically, Petitioner avers that Respondents Mainelli and Kirshenbaum & Kirshenbaum have attempted, without notice or opportunity for hearing by Petitioner, to adjudicate the Petitioner's rights to the parcel in the Family Court action, that they have had Orders entered that would affect Petitioner's rights to the property, and that they have cause the appointment of a Commissioner to sell the subject premises.

## Procedural History

Lowder filed the within Complaint and then appeared before this Court seeking a temporary restraining, which was heard and denied by the Honorable Judge Smith on June 8, 2007.

On June 15, 2007, Petitioner filed a Motion to Intervene in the Family Court Proceeding, and contemporaneously filed a Motion to Vacate the Prior Orders of the Family Court. Thereafter, Petitioner

---

[3] The purported contract however did not state that the purchase price was to be for $225,000.00. Rather, Paragraph 2.1 of the document provided that "The parties agree the price, (the "purchase price") payable by the Buyer to the Seller under this offer shall be : TWO HUNDER TWENTY FIVE THOUSAND DOLLARS, ($225,000.00 USD) or appraised value whichever is less . . ." (emphasis added).

further filed a Motion to Stay in the Family Court, seeking to stay all proceedings in the Chaput v. Chaput matter.

On June 26, 2007, Petitioner was heard in the Family Court. The Family Court entered an order granting Petitioner's Motion to Intervene.[4] (See attached Exhibit "A").

Despite his being granted permission to intervene in the Family Court, Lowder refuses to voluntarily dismiss with within action pending before this Court.

## Issues

1) Should the Federal Court abstain from hearing the Petitioner's Complaint when the same issues have been and are already being heard by the State of Rhode Island Family Court and in which the Plaintiff has been permitted to intervene and has had his arguments heard by the Family Court?

## Legal Argument

### 1. Abstention

Pursuant to the dictates of Younger v. Harris, 401 U.S. 37 (1971) and its progeny, the Federal Court should abstain from hearing this matter, due to the fact that the controversy is presently being heard in the Rhode Island Family Court.

In Younger, the United States Supreme Court declared that there exists a "national policy forbidding federal courts to stay or enjoin pending state court proceedings except under special circumstances." Id. at 41. The Court articulated that "[s]ince the beginning of this country's history Congress has, subject to few exceptions, manifested a desire to permit state courts to try state cases free from interference by Federal Courts." Id. at 43. The matter presently before the Court on petitioner's complaint concerns the sale of the subject parcel of property. The sale of the subject property is the precise

[4] Within that Order, however, General Magistrate O'Brien denied Petitioner's Motion to vacate the prior Orders of the Family Court respecting the subject property and denied Petitioner's Motion to Stay the Family Court proceedings.

issue that has been addressed in the Family Court proceeding. Following the tenets of Younger, the Federal Court should not interfere with the state court case that is adjudicating the present controversy.

In his Memorandum in Support of his Motion for a Temporary Restraining Order, Preliminary and Permanent Injunction, Petitioner argues that the Younger abstention doctrine does not apply to this particular case because Petitioner was not a party to the Family Court action between Mr. and Mrs. Chaput. Accordingly, Petitioner argued the Federal Court should hear his complaint so as to protect his rights that were not being protected elsewhere. This argument now fails as Petitioner has successfully intervened in the Family Court proceeding.

While Younger did contemplate that there are some exceptions to the abstention doctrine, none of said exceptions are applicable here. For instance, Federal involvement is not necessary here for jurisdiction, is not necessary to protect or effectuate any prior federal judgment, nor is it necessary to protect the Petitioner from suffering irreparable harm. Id. at 43. In fact, Petitioner has clearly not demonstrated that he will suffer irreparable harm if not heard in the Federal Court as he has not demonstrated the existence of a binding contract which has given him any rights to the subject property. Additionally, the property has not yet been sold to a third party, and therefore, petitioner could still possibly purchase the subject parcel. More importantly, the Federal Court need not exercise its jurisdiction as Petitioner can adequately have any rights he may claim involved in this matter protected by the Family Court in the proceeding to which he has been permitted to intervene. Accordingly, the Federal Court should follow the principles of Younger and dismiss Petitioner's suit.

This is not a situation where the State Court *could hear* the issue; but rather the State Court *is already hearing the issue.* Although a Federal Court should not abstain from hearing a suit and dismiss it simply because a State Court *could entertain it* (see Colorado River Water Conservation District v. US, 424 U.S. 800 (1976)); rather abstention is appropriate here because the arguments *are being heard already* in the state court. The Supreme Court in Colorado River noted that while generally the pendency of an action in the

State Court is not necessarily a bar to proceedings concerning the same matter in the Federal Court, exceptions nonetheless do exist in which the Federal Court should abstain. Id. at 817. Specifically, the Court stated that "the court first assuming jurisdiction over property may exercise that jurisdiction to the exclusion of other courts." Id. at 818 (citing Donovan v. City of Dallas, 377 U.S. 408, 412 (1964)). In this case, the Rhode Island Family Court appropriately assumed jurisdiction over the Chaput's property in the divorce proceeding. This was prior to the Petitioner bringing any action in the Federal Court. The Federal Court, therefore, should be excluded from resolving the issues surrounding that piece of property that are being heard in the Family Court.

## Conclusion

In this matter the Federal Court should abstain from hearing the Petitioner's complaint as the issue surrounding the sale of the subject property has been and is presently being adjudicated in the Rhode Island Family Court, where Petitioner has been allowed to intervene. Petitioner's rights are able to be addressed in that forum and the Federal Court should abstain from hearing his complaint. Wherefore, your Respondents Albert Mainelli and Kirshenbaum & Kirshenbaum, Attorneys at Law, Ltd. respectfully request that Petitioner's Complaint be dismissed.

Defendants
ALBERT J. MAINELLI, ESQUIRE and
KIRSHENBAUM AND KIRSHENBAUM ATTORNEYS AT LAW, INC.

By their attorney

/s/ Christopher L. Russo, Esq.
Christopher Russo, Esquire #4571
Kirshenbaum & Kirshenbaum
888 Reservoir Avenue
Cranston, Rhode Island 02910
401-946-3200
crusso@kirshenbaumri.com